

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

# MEMORANDUM ENDORSED

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 19, 2025

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2025
```

**BY ECF**

Hon. Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-13127

      Re:    *United States v. Jason Johnson*, 24 Cr. 131 (GHW)

Dear Judge Woods:

      The Government moves respectfully for the entry of the enclosed proposed consent restitution order in the above-referenced case. The proposed order has been executed by both parties' counsel.

      Respectfully submitted,

      JAY CLAYTON
      United States Attorney

by: _____
      Justin Horton
      Assistant United States Attorney
      (212) 637-2276

---

Application granted in part. The Court will enter a modified version of the proposed order submitted to the Court by the parties. The Court will modify the provision related to the payment of restitution during the defendant's term of incarceration. The Second Circuit very recently remanded—on plain error review—a case that contained substantially the same language proposed by the United States here because it could be construed to delegate to the Bureau of Prisons the Court's authority to set a restitution schedule. *See United States v. Constantinescu*, 23-6094 (2d Cir. August 14, 2025). The authority that the Circuit cited for its concern is long-established: *United States v. Mortimer*, 94 F.3d 89 (2d Cir. 1996). The Court construes the proposed language to delegate the authority to set a schedule to the Bureau of Prisons: it is, at a minimum, as the Second Circuit found, unclear. Therefore, the Court declines to endorse that portion of the parties' proposed order and will instead defer the defendant's payment obligations until after his release. The Court requests that the United States Attorney's Office evaluate whether the template language in its form restitution order should be revised in light of the Second Circuit's prohibition on the delegation of the determination of restitution schedules, as outlined in *Constantinescu* and *Mortimer*. The Court also requests that the Government make a good faith effort to complete proposed restitution orders before sentencing, to avoid the need for the entry of amended judgments, and to permit the parties and the Court to discuss the substance of any proposed order of restitution during the sentencing proceeding and prior to its entry.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 63.

SO ORDERED.
Dated: September 22, 2025

_____
GREGORY H. WOODS
United States District Judge